Filed 10/29/13  In re Nevaeh CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re NEVAEH T. et al., Persons Coming Under the Juvenile Court Law. | D064188 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>NINA S.,<br><br>        Defendant and Appellant. | (Super. Ct. No. NJ14744A-B) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Imhoff, Commissioner.  Reversed and remanded with directions.

Lelah S. Fisher, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel and Emily K. Harlan, Deputy County Counsel, for Plaintiff and Respondent.

Nina S. appeals following the jurisdictional and dispositional hearing in the dependency case of her daughters, Nevaeh T. and E.T. (together, the children). Nina correctly contends the San Diego County Health and Human Services Agency (the Agency) and the juvenile court failed to fulfill their duties of inquiry and notice pursuant to the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). The Agency concedes ICWA notice should have been given and a limited remand is necessary to effect and document proper ICWA notice.

In October 2012, before the dependency petitions were filed, the children's father, Brian T., told the Agency that he was a registered member of the Apache Tribe. He repeated this after the petitions were filed and in an ICWA-020 form (Cal. Rules of Court, rule 5.481(a)(2) [Parental Notification of Indian Status]). In November, at the detention hearing, the court declined to order ICWA notice until Brian had completed an ICWA-030 form (Cal. Rules of Court, rule 5.481(a)(4)(A) [Notice of Child Custody Proceeding for Indian Child]). During the next five months, there were 11 hearings. The court mentioned ICWA at just one of those hearings, stating "we still need to address ICWA." During this period, the Agency gave an ICWA-030 form to Brian but apparently did nothing else. In May 2013, the court found that Brian was a member of the Apache Tribe and ordered him to complete the ICWA-030 form and submit it to the social worker within a week. The court entered jurisdictional findings, ordered the children removed from parental custody and ordered notice to the Apache Tribe.

We reverse the judgment and remand the case for the required ICWA inquiry and notice. (Welf. & Inst. Code, § 224.3.)

2

DISPOSITION

The judgment is reversed.  The case is remanded to the juvenile court with directions to order the Agency to (1) conduct an ICWA inquiry; (2) provide ICWA notice to any tribes the inquiry identifies; and (3) file all required documentation with the juvenile court.  If, after proper notice, a tribe claims the children are Indian children, the juvenile court shall proceed in conformity with ICWA.  If no tribe makes such a claim, the court shall reinstate its judgment.

NARES, J.

WE CONCUR:

HUFFMAN, Acting P. J.

HALLER, J.

3